APPLICATION FOR REHEARING
No. 3428.
Decided June 9, 1942.
BY THE COURT:
This matter is before us upon an application for rehearing filed herein March 19th.
The grounds as stated in said application are:
1, That the decision of the Court is based upon issues not presented to the Court by either party in this cause.
2. That the opinion of the Court is inconsistent within itself for the reasons stated.
Defendant-appellant has filed an interesting brief which has received our attention.
In order that we may have the matter in controversy freshly before us, we will very briefly recite the issues. The action was begun in the Municipal Court of the City of Columbus by the State which sought to recover from the defendant under the provisions of its bond given by a D-3 liquor permittee, said bond being given under the provisions of §6664-18 GC. It is alleged that upon the giving of a bond the Department issued to her a permit and that she, as vendor, subject to the retail sales act, made retail sales of taxable merchandise including both intoxicating and nonintoxicating liquors, upon which sale the tax was never paid to the State, and that by virtue thereof she is indebted to the State in the sum of $95.23, judgment being asked against the defendant as her bondsman.
The Bonding Company admitted that the permittee had given a bond upon which it was surety under the provisions of §6064-18 GC upon which the permit was issued and that during the subsequent period the permittee made certain retail sales of certain taxable merchandise upon which the tax was never paid, and that the Department of Taxation determined the amount of such sales; that by virtue thereof there was due under the Retail Sales Act a certain sum, and that there remains unpaid by virtue of the assessment the amount stated in the answer.
They further allege that even though she may be in default for the tax under the Sales Act for failure to pay that does not constitute a breach of the bond and such failure is not covered by the bond.
The State demurs to this answer on the ground that it does not constitute a defense. Such demurrer was sustained and judgment rendered against the defendant in the sum of $95.23.
The Court in its original opinion examined the provisions of both the bond and of the various sections of the statute, especially §6064-18 GC. The Court at the conclusion of its opinion stated that no one had in contemplation any other thing than that the bond covered only the liability of the permitholder for the violation of laws controlling the sale of liquor and that such bond was not intended to cover defalcation of which the permitholder might be guilty through failure to comply with all the laws of the state of Ohio.
*217 We may readily concede that -where a bond Is given covering a statutory requirement which is deficient in Its terms, the broader obligation prescribed by the statute will be read into such bond, and, upon the other-hand, if the obligation of the bond exceeds that prescribed by the statute, the surety will be held only to the obligation prescribed by the statute and not to any excess contained in the bond.
See Royal Indemnity Company v Matthews, 114 Oh St 58, syllabus 3.
We see no reason to change the opinion that we have heretofore given.
There should be no difficulty in entering final judgment in this Court, inasmuch as the demurrer to the answer was properly sustained, defendant elected to plead no further, the amount of the sales of nonintoxicating and intoxicating beverages agreed upon, as is the amount of purchased prepaid stamps.
Application for rehearing will 'be denied. Judgment as herein.
GEIGER, FJ., BARNES & HORN-BECK, JJ., concur.